# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **CHRIS MAKANJIRA,** | : | **CIVIL NO. 1:17-CV-1522** |
| Petitioner | : | (Chief Judge Conner) |
| v. | : | |
| **CRAIG A. LOWE,** | : | |
| Respondent | : | |

## MEMORANDUM

Petitioner Chris Makanjira ("petitioner"), presently a detainee of the Bureau of Immigration and Customs Enforcement ("ICE"), incarcerated at the Pike County Correctional Facility, Lords Valley, Pennsylvania, filed the instant petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 on August 25, 2017. (Doc. 1). For the reasons set forth below, the court will dismiss the petition as premature.

## I. Background

Petitioner, a native and citizen of Tanzania, entered the United States at an unknown place and unknown time, without permission or parole by an immigration officer. (Doc. 8-1, at 2, Record of Deportable/Inadmissible Alien). On August 30, 2016, petitioner was convicted in the United States District Court for the Eastern District of Pennsylvania of conspiracy to distribute heroin, and was sentenced to forty months of imprisonment. (Id. at 2-3). On February 24, 2017, petitioner was charged with being subject to removal pursuant to § 237(a)(2)(A)(iii) of the Immigration and Nationality Act ("INA") as an alien convicted of an aggravated

felony. (Doc. 8-1, at 5, Notice of Intent to Issue a Final Administrative Removal Order).

On March 27, 2017, petitioner was ordered removed to Tanzania pursuant to § 237(a)(2)(A)(iii) of INA. (Doc. 8-1, at 8, Final Administrative Removal Order). Petitioner requested withholding or deferral of removal under the Convention Against Torture, but subsequently withdrew his request. (Doc. 8-1, at 9, Withdrawal of Request for Reasonable Fear Determination).

On June 16, 2017, ICE issued a decision to continue custody. (Doc. 8-1, at 10, Decision to Continue Detention). Therein, petitioner was notified that ICE was working to obtain travel documents and that he was to remain in ICE custody pending removal from the United States. (Id.) He was further notified that "[i]f you have not been released or removed from the United Stated by September 23, 2017, jurisdiction of the custody decision in you case will be transferred to the Headquarters Post Order Unit (HQ POCRU) . . . HQ POCRU will make a final determination regarding your custody." (Id. at 10-11).

On August 25, 2017, petitioner filed the instant petition requesting review of the lawfulness of his continued detention. (Doc. 1).

**II.     Discussion**

Detention, release, and removal of aliens ordered removed is governed by the provisions of 8 U.S.C. § 1231. Under § 1231(a), the Attorney General has ninety days to remove an alien from the United States after his order of removal, during which time detention is mandatory. Section 1231(a)(1)(B) provides the following:
The removal period begins to run on the latest of the following:

> (i) The date the order of removal becomes administratively final.
>
> (ii) If the removal order is judicially reviewed and if the court orders a stay of the removal of the alien, the date of the court's final order.
>
> (iii) If the alien is detained or confined (except under an immigration process), the date the alien is released from detention or confinement.

8 U.S.C. § 1231. At the conclusion of the ninety-day period, the alien may be held in continued detention, or may be released under continued supervision. 8 U.S.C. §§ 1231(a)(3) & (6). The statute "limits an alien's post-removal-period detention to a period reasonably necessary to bring about the alien's removal from the United States. It does not permit indefinite detention." Zadvydas v. Davis, 533 U.S. 678, 689 (2001). "Once removal is no longer reasonably foreseeable, continued detention is no longer authorized by statute." Id. at 699. To establish uniformity in the federal courts, a period of six months was recognized as a "presumptively reasonable period of detention." Id. at 701.

Following Zadvydas, regulations were promulgated to meet the criteria established by the Supreme Court. See 8 C.F.R. § 241.4. Prior to the expiration of the mandatory ninety-day removal period, the district director shall conduct a custody review for an alien where the alien's removal cannot be accomplished during the prescribed period. 8 C.F.R. § 241.4(k)(1)(i). When release is denied pending the removal, the district director may retain responsibility for custody determinations for up to three months, or refer the alien to the Headquarters Post Order Detention Unit ("HQPDU") for further custody review. 8 C.F.R. § 241.4(k)(1)(ii). Once jurisdiction is transferred, an eligible alien may submit a written request for release to the HQPDU asserting the basis for the alien's belief

3

that there is no significant likelihood that he will be removed in the reasonably foreseeable future. 8 C.F.R. § 241.13(d)(1).

If at the conclusion of the six-month period the alien provides good reason to believe that there is no significant likelihood of deportation in the reasonably foreseeable future, the burden shifts to the government to "respond with evidence sufficient to rebut that showing." Zadvydas, 533 U.S. at 701. Not every alien must be released after six months. An alien may still be detained beyond six months "until it has been determined that there is no significant likelihood of removal in the reasonably foreseeable future." Id.

In the matter *sub judice*, the presumptively reasonable six-month period has not yet expired. Petitioner's order of removal became final on April 26, 2017, when he failed to file an appeal of the Immigration Judge's decision to the Board of Immigration Appeals within thirty (30) days after the Immigration Judge's decision. See 8 U.S.C § 1252(b)(1) ("The petition for review must be filed not later than 30 days after the date of the final order of removal."). Therefore, the ninety-day mandatory detention period expired on or about July 25, 2017. At that point, the presumptively reasonable six-month period established by Zadvydas began to run and will expire on or about January 25, 2018. All indications are that jurisdiction to

make a determination concerning his custody would now lie with the HQPDU. See (Doc. 8-1, at 10-11, Decision to Continue Detention). Because the six-month period established by the Supreme Court has not expired, the petition, filed on August 25, 2017, is prematurely before the court.

III. **Conclusion**

Based on the foregoing, the petition for writ of habeas corpus will be dismissed without prejudice.

An appropriate order follows.

    /S/ CHRISTOPHER C. CONNER
Christopher C. Conner, Chief Judge
United States District Court
Middle District of Pennsylvania

Dated:    October 10, 2017